Nataliya KYRYLENKO, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 12–70590.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2013.*

Filed Sept. 26, 2013.

Ahmed M. Abdallah, Law Office of Ahmed M. Abdallah, Hollywood, CA, for Petitioner.

Matthew Albert Connelly, Trial, OIL, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Nataliya Kyrylenko, a native and citizen of Ukraine, petitions for review of the Board of Immigration Appeals' ("BIA") denial of her motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir.2010). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Kyrylenko's motion to reopen as untimely because the motion was filed over four years after the BIA's final decision, *see* 8 C.F.R. § 1003.2(c)(2), and Kyrylenko failed to establish materially changed circumstances in Ukraine to qualify for the regulatory exception to the time limitations for motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 988–89 (evidence of changed circumstances must be qualitatively different from what could have been presented at prior hearing).

We lack jurisdiction to review the BIA's decision not to exercise its sua sponte authority to reopen proceedings. *See Mejia–Hernandez v. Holder*, 633 F.3d 818, 823–24 (9th Cir.2011).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).